Kerry S. Doyle
Cal. Bar No. 268440
Doyle Law Office, PLLC
8755 Technology Way, Ste. I
Reno, NV 89521
Tel.: (775) 525-0889
Fax: (775) 229-4443
kerry@rdoylelaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BROWN, | ) Case No.: 3:15-cv-5155 |
| Plaintiff, | ) |
| vs. | ) |
| TRANSUNION, LLC, and INNOVATIVE COLLECTION SERVICES, | ) |
| | ) COMPLAINT |
| | ) |
| Defendants. | ) |
| | ) JURY TRIAL REQUESTED |

Plaintiff, Anthony Brown, on behalf of himself (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges against TransUnion, LLC (hereinafter "TU") and Innovative Collection Services (hereinafter "ICS") as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from false information placed on Plaintiff's credit report in violation of the Fair Debt Collection Practices Act (hereinafter "FDCPA), the

Rosenthal Act, the California Consumer Credit Reporting Agency Act (hereinafter "CCCRA), and the Fair Credit Reporting Act (hereinafter "FCRA").

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.

3. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in the in the city of Martinez, State of California.

5. Plaintiff is a "consumer" as defined by Cal Civ. Code § 1785.3(b), 15 U.S.C. § 1692(a), and 15 U.S.C. § 1681a(c).

6. Plaintiff is a "person" as defined under Cal Civ. Code § 1788.2

7. TU is incorporated under the laws of Delaware with a principal place of business at 555 W. Adams St., Chicago, IL 60661.

8. TU is authorized to do business in the State of California and is a "consumer credit reporting agency," as that term is defined by Cal Civ. Code § 1785.3(d).

9. TU is a "credit reporting agency," as that term is defined by 15 U.S.C. § 1681a(f), the Fair Credit Reporting Act.

10. Defendant, ICS, is a business entity of unknown form, doing business in California, with a corporate address of 210 North 4th St. San Jose, California 95112.

11. ICS is a "person" as that term is used and defined under Cal Civ. Code § 1785.3(j) and 15 U.S.C. § 1681a.

12. ICS is a "debt collector" collecting consumer debts as used and defined under 15 U.S.C. § 1692(a) of the FDCPA and Cal Civ. Code § 1788.2.

## FACTUAL STATEMENT

13. As of July 28, 2015, Plaintiff had three accounts in collections with Innovative Collection Services.

14. On July 28, 2015, Plaintiff paid all accounts in full.

15. Thereafter, Plaintiff reviewed his credit report and noticed that two of the three tradelines from ICS were listed as paid. One however, remained in active collection status.

16. In order to correct this information, Plaintiff sent a number of dispute letters to TU on the following dates: August 12th, August 24th, September 10th, September 18th, and September 24th.

17. The dispute letters informed TU that all three of the accounts were paid.

18. The letters provided proof of payment of all three accounts by showing a payment receipt.

19. Upon information and belief, TU provided Plaintiff's dispute to ICS.

20. All of TU's responses to Plaintiff merely stated that the debt was verified and no change was warranted.

21. However, the account was paid, and TU's verification process proved inaccurate.

22. In fact, Plaintiff called ICS on or about September 24, 2015. During that call, ICS admitted the three accounts were paid.

23. If ICS admitted the accounts were paid, and TU received proof of payment from Plaintiff, TU's "reasonable" investigation could not have resulted in a verification of unpaid accounts on Plaintiff's report.

24. Upon information and belief, after receiving notice of the Plaintiff's dispute from TU, ICS failed to provide a reasonable reinvestigation, and failed to inform TU of Plaintiff's payment.

25. As of the filing of this Complaint, TU still lists a tradeline from ICS as in active collections.

26. Plaintiff is an individual with multiple sclerosis.

27. It is well established that victims of multiple sclerosis suffer from stress more than an average individual.

28. Attempting to dispute a paid debt at least six (6) times, to no avail, has greatly distressed Plaintiff.

/ / /

## COUNT I
## VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCY ACT BY TRANSUNION

29. Plaintiff repeats, realleges, and reasserts the allegations contained in paragraphs 1 through 28 above and incorporates them as if specifically set forth at length herein.

30. TU assembled, evaluated, published and otherwise reproduced consumer reports regarding Plaintiff as those terms are used and defined under Cal Civ. Code § 1785.3(d).

31. After receiving numerous disputes from Plaintiff highlighting the errors, and proving their inaccuracy, TU negligently failed to conduct a reasonable investigation as required by Cal Civ. Code § 1785.16(a).

32. Additionally, upon information and belief, TU willfully and negligently failed to properly contact the furnisher of information, ICS, in violation of Cal Civ. Code § 1785.16(a).

33. As a direct and proximate cause of TU's negligent and willful failure to perform its duties under the CCCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

34. TU willfully and negligently failed to follow reasonable procedures to ensure maximum possible accuracy on Plaintiff's credit report when it published the incorrect information and continued to do so after receiving numerous disputes with proof of payment from Plaintiff.

35. As a result of TU's failure to reinvestigate properly, Plaintiff has been damaged and is entitled to relief.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANSUNION

36. Plaintiff repeats, realleges, and reasserts the allegations contained in paragraphs 1 through 28 above and incorporates them as if specifically set forth at length herein.

37. TU prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as those terms are used and defined under 15 U.S.C. § 1681a.

38. After receiving numerous disputes from Plaintiff highlighting the errors, and proving their inaccuracy, TU negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

39. Additionally, upon information and belief, TU willfully and negligently failed to properly contact the furnisher of information, ICS, as required under 15 U.S.C. § 1681(i).

40. As a direct and proximate cause of TU's negligent and willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

41. TU willfully and negligently failed to follow reasonable procedures to ensure maximum possible accuracy on Plaintiff's credit report when it published the incorrect information and continued to do so after receiving numerous disputes with proof of payment from Plaintiff.

42. As a result of TU's failure to reinvestigate properly, Plaintiff has been damaged and is entitled to relief.

**COUNT III**
**VIOLATION OF CALIFORNIA CONSUMER CREDIT**
**REPORTING AGENCY ACT BY INNOVATIVE COLLECTION SERVICES**

43. Plaintiff repeats, realleges, and reasserts the allegations contained in paragraphs 1 through 28 above and incorporates them as if specifically set forth at length herein.

44. ICS received full payment of all three collection accounts held against Plaintiff.

45. Plaintiff called ICS on or about September 24, 2015. During that call, ICS admitted the three accounts were paid in July, 2015.

46. Despite receiving payment, ICS willfully and negligently furnished information to a consumer credit reporting agency ("CCRA") informing the CCRA that the account number ending in Z114 was due and owing, in violation of Cal Civ. Code § 1785.25(a).

47. Upon information and belief, ICS received Plaintiff's dispute from TU.

48. ICS willfully and negligently failed to complete an investigation with respect to the disputed information in violation of Cal Civ. Code § 1785.25(f).

49. Alternatively, ICS conducted an investigation, yet willfully and negligently continued to report the account as in active collections, which is false, misleading, and inaccurate.

50. As a result of ICS's actions, Plaintiff has been damaged and is entitled to relief.

**COUNT IV**
**VIOLATION OF THE FAIR DEBT COLECTIONS PRACTICES ACT BY INNOVATIVE COLLECTION SERVICES**

51. Plaintiff repeats, realleges, and reasserts the allegations contained in paragraphs 1 through 28 above and incorporates them as if specifically set forth at length herein.

52. As of July 28, 2015, Plaintiff had three accounts in collections with Innovative Collection Services.

53. On July 28, 2015, Plaintiff paid all accounts in full directly to ICS.

54. Despite receiving full payment, ICS continued to report account number ending in Z114 to TU as unpaid, in direct contravention of 15 U.S.C. §1692(e)(8), wherein it is a violation of federal law to communicate credit information that is known, or should be known to be false.

55. Defendant's continued attempts to collect on the paid debt, by placing an unpaid collection account on Plaintiff's credit report, violates numerous provisions of the FDCPA including, but not limited to:

   a. Engaging in false, deceptive, and misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e preface;

   b. The false representation of the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2); and

   c. Falsely representing and using deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation of 15 U.S.C. § 1692e(10).

56. As a direct result of Defendant's actions, Plaintiff has been damaged.

/ / /

/ / /

# COUNT V
# VIOLATION OF THE FAIR CREDIT REPORTING ACT
# BY INNOVATIVE COLLECTION SERVICES

57. Plaintiff repeats, realleges, and reasserts the allegations contained in paragraphs 1 through 28 above and incorporates them as if specifically set forth at length herein.

58. ICS willfully and negligently supplied TU with information about Plaintiff that was false, misleading, and inaccurate.

59. ICS willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed.

60. ICS willfully and negligently failed to review all relevant information provided by the consumer reporting agency.

61. ICS willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

62. ICS willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate information disputed by Plaintiff.

63. ICS willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

64. As a result of ICS's actions in violation of 15 U.S.C. §1681s-2(b), Plaintiff has been damaged and is entitled to relief.

WHEREFORE, Plaintiff, Anthony Brown, requests that this Court enter judgment against TransUnion and Innovative Collection Services, and on behalf of Plaintiff for the following:

    A. That an order be entered declaring TU's and ICS's actions, as described above, in violation of the CCCRA;

    B. That an order be entered declaring TU's and ICS's actions, as described above, in violation of the FCRA;

    C. That an order be entered declaring ICS's actions, as described above, to be in violation of the FDCPA;

D. That judgment be entered against TU and ICS for actual, and statutory damages, attorneys' fees and costs as mandated by Cal Civ. Code § 1785.31;

E. That judgment be entered against TU and ICS for actual, and statutory damages, attorneys' fees and costs as mandated by 15 U.S.C. §§ 1681n and 1681o;

F. That judgment be entered against ICS for actual damages, pursuant to 15 U.S.C. §1692K(a)(1);

G. That judgment be entered against ICS for statutory damages, pursuant to 15 U.S.C. §1692(a)(2)(A) and (B), in the amount of $1,000;

H. That the Court award costs and reasonable attorneys' fees against ICS, pursuant to 15 U.S.C. §1692K(a)(3); and

I. That the Court grant such other and further relief as may be just and proper.

Dated this 10th Day of November, 2015.

DOYLE LAW OFFICE, PLLC


/S/ Kerry Doyle, Esq._____
Kerry Doyle, Esq.
Doyle Law Office, PLLC
8755 Technology Way, Suite 1
Reno, Nevada 89521
(P) (775) 525-0889
(F) (775) 229-4443
kerry@rdoylelaw.com